**Donald WIGGINS, Appellant,**

v.

**CITY OF WINCHESTER, Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

Charles T. Walters, Winchester, for appellant.

Alton Payne, Marshall McCann, Jr., Winchester, for appellees.

MILLIKEN, Judge.

This is an appeal from a judgment refusing to direct the City Commissioners of Winchester to submit a question to a vote of the people.

On March 10, 1964, the city of Winchester, Kentucky, adopted Resolution No. 241 creating and establishing an Urban Renewal and Community Development Agency. A year and a half later, on October 26, 1965, the appellant, in conjunction with other voters of the city, presented a petition to the City Commission of Winchester asking the Commission to place on the ballot in the general election which was to be held November 2, 1965, the question of

whether or not the voters would like to have Urban Renewal. The main part of the petition read as follows:

For the general election to be held on November 2, 1965, the following question:

"Shall the city of Winchester, Kentucky, have an Urban Renewal program?" In the event that the aforesaid cannot be granted them the said petitioners request that a special election be held at the earliest possible time wherein the aforesaid question shall be the issue. Petitioners further ask that the city of Winchester, through its City Commission, without delay, stay and enjoin the agency known as the Redevelopment Commission of Winchester, Kentucky, from any further operation or action, of whatsoever kind or nature, until such time as the above mentioned requests and petitions shall be decided by the voters as aforesaid.

Two days later, on October 28, 1965, the appellant filed an amended petition the important part of which said:

"Whereas, the City Commission of Winchester, Kentucky, finds and declares (1) That on March 10, 1964, it passed Resolution No. 241 wherein it established a Redevelopment Commission pursuant to KRS 99.000 et seq. [99.010 et seq.] (2) That the aforesaid Resolution has been found to be undesirable in that it will not serve the best interests of this community, (3) That certain citizens of Winchester, Kentucky, all residing and voting in said city, have duly, lawfully, and in proper form, petitioned the City Commission to pass the act herein, NOW THEREFORE, BE IT RESOLVED BY THE CITY OF WINCHESTER, KENTUCKY:

1. That the Resolution No. 241, above noted, is hereby revoked and cancelled;

2. That the Redevelopment Commission Agency which was established by the aforesaid Resolution is now ordered to disband and discontinue its operation according to lawful means."

The City Commission did not act on the petition in time for the November, 1965, election, but got around to acting on it on March 8, 1966, and refused to submit the question to a public referendum.

On March 10, 1966, appellant Wiggins filed this mandamus action in the Clark Circuit Court requesting that the court order the City Commission to submit the proposed question: "Shall the proposed Ordinance—that Resolution No. 241 shall be revoked and cancelled, and that the Redevelopment Commission Agency shall disband and be discontinued—be passed?", to the voters of the city of Winchester, at the next general election. The court ruled against Wiggins, and stated three reasons: (1) Wiggins did not specifically state, as required by KRS 89.250, that 25% of the voters in the last mayor's election in the city of Winchester had signed his petition and also Wiggins had failed to specifically plead the total number of voters who had voted in the last mayor's race; (2) Since the City Commission had acted on Wiggins' petition, refusing to grant its request, the mandamus action was not the proper remedy, and that (3) Wiggins had an adequate remedy at law.

The facts behind the court's first reason are that when Wiggins submitted his petition to the City Commission it contained 218 signatures, but none of those signing had stated his individual address or residence as required by KRS 89.250. The only language in the petition which linked the signers with the city of Winchester residentially was found in a clause which stated that all signers were residents and qualified voters of the city.

Winchester is a city of approximately 11,000 people, and consequently it would be difficult to check the authenticity of signatures to the petition unless specific addresses of the signers were furnished. In addition to the address problem, there

are the questions concerning the petition's failure to allege that 25% of the voters in the last mayor's election in Winchester had signed the petition and its failure to specifically plead the total number of voters who had voted in the last mayor's race.

Where a public vote is sought on a question such as the one presented here, the least the petitioners should do is to pattern their petition on the requirements of the statute, for the governing authorities of the city should not have to consider every putative plea of the kind as a justification for submitting a question to public vote. The very purpose of the governing statute was to require a substantial showing of a public demand before any such question could be referred to a public vote.

We think the petition here was wholly inadequate to justify the submission of the question to the voters.

The judgment is affirmed.

All concur.